**WO**                                                                                          LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas Price, ) | No. CV 05-2699-PHX-DGC (HCE) |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Joseph Arpaio, ) |  |
| Defendant. ) |  |

Plaintiff, a county jail inmate at the Tent City Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action without prejudice for failure to prosecute.

On September 6, 2005, the Court received Plaintiff's Complaint for filing. The same day, the Court issued a Notice of Assignment (Dkt. #2). About a week later, on September 15, the Notice of Assignment was returned in the mail (Dkt. #3). Plaintiff has not provided the Court with his present address, and more than one month has elapsed since he filed his Complaint.

Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." Information and Instructions for a Prisoner Filing Civil Rights

1 Complaint at 2, ¶ H. The Court has no affirmative obligation to locate Plaintiff. "A party,
2 not the district court, bears the burden of keeping the court apprised of any changes in his
3 mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the
4 Court were to show cause Plaintiff why dismissal were not warranted, the Order "would
5 only find itself taking a round trip tour through the United States mail." Id. The Court is
6 also not required to hold the matter in abeyance. "It would be absurd to require the district
7 court to hold a case in abeyance indefinitely just because it is unable, through the
8 plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting
9 his lawsuit are reasonable or not." Id.

10 Plaintiff filed his action and his address changed within the same week. He has not
11 notified the Court of his new address, and more than sufficient time has elapsed for him to
12 submit his change of address. He was warned in the instructions to the Complaint that he
13 must keep the Court apprised of his current address. Because Plaintiff has failed to comply
14 with the rules and thereby has failed to prosecute this action, see FED. R. CIV. P. 41(b), the
15 Court will dismiss his action without prejudice.

16 **IT IS THEREFORE ORDERED THAT** the Complaint and this action are dismissed
17 without prejudice, and the Clerk of Court shall enter judgment accordingly.

18 DATED this 1st day of November, 2005.

David G. Campbell
United States District Judge

- 2 -